Liza M. Walsh
Katelyn O'Reilly
Jessica K. Formichella
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

*Attorneys for Plaintiff Esperion Therapeutics, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ESPERION THERAPEUTICS, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-__________ |
| | ) | |
| HETERO USA INC., | ) | |
| HETERO LABS LIMITED, | ) | |
| HETERO LABS LIMITED UNIT-V, | ) | |
| HONOUR LAB LIMITED, | | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

1. This is an action for patent infringement by Esperion Therapeutics, Inc. ("Esperion") under the patent laws of the United States, Title 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, against Defendants Hetero USA Inc., Hetero Labs Limited, Hetero Labs Limited Unit-V, and Honour Lab Limited (collectively, "Hetero"). This action arises out of Hetero's submission of Abbreviated New Drug Application ("ANDA") No. 219449 to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of NEXLETOL® prior to the expiration of U.S. Patent Nos. 7,335,799, 11,760,714 and 11,613,511 (collectively, the "Asserted Patents").

## PARTIES

2. Plaintiff Esperion is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3891 Ranchero Drive, Suite 150 Ann Arbor, MI 48108.

3. Upon information and belief, Defendant Hetero USA Inc. ("Hetero USA") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 1035 Centennial Ave, Piscataway, NJ 08854.

4. Upon information and belief, Hetero USA is a pharmaceutical company that engages in the manufacture, marketing, or sale of pharmaceutical products, including generic drug products manufactured and sold pursuant to approved ANDAs.

5. Upon information and belief, Hetero USA directly or through its affiliates develops, markets, and sells drug products throughout the United States, including in the state of New Jersey.

6. Upon information and belief, Hetero Labs Limited ("Hetero Labs") is a corporation organized and existing under the laws of India, having a principal place of business at 7-2-A2, Hetero Corporate Industrial Estates, Sanath Nagar, Hyderabad, 500018, Andhra Pradesh, India.

7. Upon information and belief, Hetero Labs is a pharmaceutical company that engages in the manufacture, marketing, or sale of pharmaceutical products, including generic drug products manufactured and sold pursuant to approved ANDAs.

8. Upon information and belief, Hetero Labs directly or through its affiliates markets and sells drug products throughout the United States, including in the state of New Jersey.

9. Upon information and belief, Hetero Labs Limited Unit-V ("Hetero Unit-V") is a corporation organized and existing under the laws of India, having a principal place of business at Polepally, Jadcherla, Mahabubnagar, 509301, Andhra Pradesh, India.

10. Upon information and belief, Hetero Unit-V is a pharmaceutical company that engages in the manufacture, marketing, or sale of pharmaceutical products, including generic drug products manufactured and sold pursuant to approved ANDAs.

11. Upon information and belief, Hetero Unit-V directly or through its affiliates markets and sells drug products throughout the United States, including in the state of New Jersey.

12. Upon information and belief, Honour Lab Limited ("Honour") is a corporation organized and existing under the laws of India, having a principal place of business at 8-3-166/7/1, Hetero House, Erragadda, Hyderabad 500018, Telangana, India.

13. Upon information and belief, Honour is a pharmaceutical company that engages in the manufacture, marketing, or sale of pharmaceutical products, including generic drug products manufactured and sold pursuant to approved ANDAs.

14. Upon information and belief, Honour directly or through its affiliates markets and sells drug products throughout the United States, including in the state of New Jersey.

15. Upon information and belief, Honour is the holder of FDA Drug Master File No. 38785 for Bempedoic Acid.

16. Upon information and belief, Hetero USA, Hetero Unit-V, and Honour are wholly-owned subsidiaries of Hetero Labs.

17. Upon information and belief, Hetero Labs directs or controls the operations, management, and activities of Hetero USA, Hetero Unit-V, and Honour.

18. Upon information and belief, Hetero USA, Hetero Labs, Hetero Unit-V, and Honour are agents of each other and/or operate in concert as integrated parts of the same business group.

19. Upon information and belief, Hetero USA, Hetero Labs, Hetero Unit-V, and Honour work in concert on the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products for the United States market, including New Jersey.

20. Upon information and belief, Hetero USA, Hetero Labs, Hetero Unit-V, and Honour working in concert prepared and submitted ANDA No. 219449 seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and sale of a generic version of NEXLETOL® (the "Hetero ANDA Product") prior to the expiration of the Asserted Patents.

21. Upon information and belief, Hetero USA, Hetero Labs, Hetero Unit-V, and Honour working in concert developed the Hetero ANDA Product.

22. Upon information and belief, Hetero USA, Hetero Labs, Hetero Unit-V, and Honour working in concert seek regulatory approval from the FDA to market and sell the Hetero ANDA Product throughout the United States, including in New Jersey.

23. Upon information and belief, Hetero USA, Hetero Labs, Hetero Unit-V, and Honour working in concert intend to obtain approval for ANDA No. 219449, and, in the event the FDA approves that ANDA, to commercially manufacture, use, offer for sale, sell, and/or import the Hetero ANDA Product in the United States, including in New Jersey.

## JURISDICTION AND VENUE

24. This action arises under the patent laws of the United States of America, 35 U.S.C. § 100 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

25. This Court has personal jurisdiction over Hetero USA because, on information and belief, Hetero USA is a corporation with its principal place of business in New Jersey and is qualified to do business in New Jersey.

26. In view of the foregoing, Hetero USA is subject to general personal jurisdiction in New Jersey.

27. This Court has personal jurisdiction over Hetero Labs because, among other things, it has committed, aided, abetted, contributed, and/or participated in an act of patent infringement

under 35 U.S.C. § 271(e)(2) by preparing and filing portions of its ANDA No. 219449 in New Jersey, and it intends to engage in a future course of conduct that includes acts of patent infringement under 35 U.S.C. § 271(a), (b), and/or (c) in New Jersey. These acts have led and will continue to lead to foreseeable harm and injury to Esperion. For example, upon information and belief, following approval of ANDA No. 219449, Hetero Labs will make, use, import, sell, and/or offer for sale the Hetero ANDA Product in the United States, including in New Jersey, prior to the expiration of the Asserted Patents.

28. This Court also has personal jurisdiction over Hetero Labs because, among other things, this action arises from Hetero Labs' actions directed toward New Jersey, and because, upon information and belief, Hetero Labs has purposefully availed itself of the rights and benefits of New Jersey law by engaging in systematic and continuous contacts with New Jersey, including by, among other things, (1) intentionally marketing and providing its generic pharmaceutical products to residents of New Jersey; (2) enjoying substantial income from New Jersey; (3) working in concert to develop and market pharmaceutical products, including in New Jersey, with its subsidiary Hetero USA, a corporation with its principal place of business in New Jersey; and (4) creating a presence in New Jersey through the registration of Hetero USA with both New Jersey Division of Revenue and Enterprise Services, as a business operating in New Jersey under Business Entity ID No. 0400362826, and maintaining a Drug and Medical Device Certificate of Registration under Registration No. 5004050. Hetero Labs has therefore purposely availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court here.

29. In addition, this Court has personal jurisdiction over Hetero Labs because, among other things, upon information and belief, (1) Hetero Labs filed its ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, sale, and/or offer for sale of the

Hetero ANDA Product in the United States, including in New Jersey, and (2) upon approval of the ANDA, Hetero Labs will market, distribute, offer for sale, sell, and/or import the Hetero ANDA Product in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of the Hetero ANDA Product in New Jersey. Upon information and belief, upon approval of the ANDA, the Hetero ANDA Product will, among other things, be marketed, distributed, offered for sale, sold, and/or imported in New Jersey; prescribed by physicians practicing in New Jersey; dispensed by pharmacies located within New Jersey; and/or used by patients in New Jersey, all of which would have substantial effects on New Jersey and lead to foreseeable harm and injury to Esperion.

30. This Court also has personal jurisdiction over Hetero Labs because Hetero Labs regularly engages in patent litigation in this forum, and affirmatively avails itself of the jurisdiction of this Court by filing counterclaims in this District and by being sued in this District without challenging personal jurisdiction, including in at least *Axsome Malta Ltd. v. Hetero USA Inc.*, C.A. No. 24-cv-03999, Dkt. No. 12 (D.N.J. filed April 26, 2024); *Merck Sharp & Dohme LLC v. Hetero USA, Inc.*, C.A. No. 22-cv-06820, Dkt. No. 11 (D.N.J. filed Feb 10, 2023); and *Rigel Pharms., Inc. v. Annora Pharma Priv. Ltd.*, C.A. No. 22-cv-04732, Dkt. No. 7 (D.N.J. filed Sept. 21, 2022).

31. Based on the foregoing systematic and continuous contacts with New Jersey, Hetero Labs is subject to specific personal jurisdiction in New Jersey.

32. Upon information and belief, Hetero Labs' contacts with other states of the United States are no greater than its contacts with New Jersey. Therefore, to the extent Hetero Labs denies that this Court has personal jurisdiction over it because of its systematic and continuous contacts with New Jersey, this Court also has personal jurisdiction over Hetero Labs pursuant to Federal Rule of Civil Procedure 4(k)(2)(A) because Hetero Labs is not subject to the general jurisdiction of the courts of any state, and based on its contacts with the United States as a whole.

33. This Court has personal jurisdiction over Hetero Unit-V because, among other things, it has committed, aided, abetted, contributed, and/or participated in an act of patent infringement under 35 U.S.C. § 271(e)(2) by preparing and filing portions of ANDA No. 219449 in New Jersey, and intends to engage in a future course of conduct that includes acts of patent infringement under 35 U.S.C. § 271(a), (b), and/or (c) in New Jersey. These acts have led and will continue to lead to foreseeable harm and injury to Esperion. For example, upon information and belief, following approval of ANDA No. 219449, Hetero Unit-V, working in concert with Hetero USA, Hetero Labs, and Honour, will make, use, import, sell, and/or offer for sale the Hetero ANDA Product in the United States, including in New Jersey, prior to the expiration of the Asserted Patents.

34. This Court also has personal jurisdiction over Hetero Unit-V because, among other things, this action arises from Hetero Unit-V's actions directed toward New Jersey, and because, upon information and belief, Hetero Unit-V has purposefully availed itself of the rights and benefits of New Jersey law by engaging in systematic and continuous contacts with New Jersey, including by, among other things, (1) intentionally marketing and providing its generic pharmaceutical products to residents of New Jersey; (2) enjoying substantial income from New Jersey; and (3) working in concert with its affiliates Hetero USA, Hetero Labs, and Honour to develop and market pharmaceutical products, including in New Jersey. Hetero Unit-V has therefore purposely availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court here.

35. In addition, this Court has personal jurisdiction over Hetero Unit-V because, among other things, upon information and belief, (1) Hetero Unit-V working in concert with Hetero USA, Hetero Labs, and Honour filed ANDA No. 219449 for the purpose of seeking approval to engage in the commercial manufacture, use, sale, and/or offer for sale of the Hetero ANDA Product in the

United States, including in New Jersey, and (2) upon approval of the ANDA, Hetero Unit-V working in concert with Hetero USA, Hetero Labs, and Honour will market, distribute, offer for sale, sell, and/or import the Hetero ANDA Product in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of the Hetero ANDA Product in New Jersey. Upon information and belief, upon approval of ANDA No. 219449, the Hetero ANDA Product will, among other things, be marketed, distributed, offered for sale, sold, and/or imported in New Jersey; prescribed by physicians practicing in New Jersey; dispensed by pharmacies located within New Jersey; and/or used by patients in New Jersey, all of which would have substantial effects on New Jersey and lead to foreseeable harm and injury to Esperion.

36. This Court also has personal jurisdiction over Hetero Unit-V because Hetero Unit-V regularly engages in patent litigation in this forum, and affirmatively avails itself of the jurisdiction of this Court by filing counterclaims in this District and by being sued in this District without challenging personal jurisdiction, including in at least *Axsome Malta Ltd. v. Hetero USA Inc.*, C.A. No. 24-cv-03999, Dkt. No. 12 (D.N.J. filed April 26, 2024); *Merck Sharp & Dohme LLC v. Hetero USA, Inc.*, C.A. No. 22-cv-06820, Dkt. No. 11 (D.N.J. filed Feb 10, 2023); and *Aragon Pharms., Inc. v. Hetero Labs Ltd. Unit-V,* C.A. No. 22-cv-03212, Dkt. No. 21 (D.N.J. filed Aug. 5, 2022).

37. Based on the foregoing systematic and continuous contacts with New Jersey, Hetero Unit-V is subject to specific personal jurisdiction in New Jersey.

38. Upon information and belief, Hetero Unit-V's contacts with other states of the United States are no greater than its contacts with New Jersey. Therefore, to the extent Hetero Unit-V denies that this Court has personal jurisdiction over it because of its systematic and continuous contacts with New Jersey, this Court also has personal jurisdiction over Hetero Unit-V pursuant to Federal Rule of Civil Procedure 4(k)(2)(A) because Hetero Unit-V is not subject to the

general jurisdiction of the courts of any state, and based on its contacts with the United States as a whole.

39. This Court has personal jurisdiction over Honour because, among other things, it has committed, aided, abetted, contributed, and/or participated in an act of patent infringement under 35 U.S.C. § 271(e)(2) by preparing and filing portions of ANDA No. 219449 in New Jersey, and intends to engage in a future course of conduct that includes acts of patent infringement under 35 U.S.C. § 271(a), (b), and/or (c) in New Jersey. These acts have led and will continue to lead to foreseeable harm and injury to Esperion. For example, upon information and belief, following approval of ANDA No. 219449, Honour, working in concert with Hetero USA, Hetero Labs, and Hetero Unit-V, will make, use, import, sell, and/or offer for sale the Hetero ANDA Product in the United States, including in New Jersey, prior to the expiration of the Asserted Patents.

40. This Court also has personal jurisdiction over Honour because, among other things, this action arises from Honour's actions directed toward New Jersey, and because, upon information and belief, Honour has purposefully availed itself of the rights and benefits of New Jersey law by engaging in systematic and continuous contacts with New Jersey, including by, among other things, (1) intentionally marketing and providing its generic pharmaceutical products to residents of New Jersey; (2) enjoying substantial income from New Jersey; and (3) working in concert with its affiliates Hetero USA, Hetero Labs, and Hetero Unit-V to develop and market pharmaceutical products, including in New Jersey. Honour has therefore purposely availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court here.

41. In addition, this Court has personal jurisdiction over Honour because, among other things, upon information and belief, (1) Honour working in concert with Hetero USA, Hetero Labs, and Hetero Unit-V filed ANDA No. 219449 for the purpose of seeking approval to engage in the

commercial manufacture, use, sale, and/or offer for sale of the Hetero ANDA Product in the United States, including in New Jersey, and (2) upon approval of the ANDA, Hetero Unit-V working in concert with Hetero USA, Hetero Labs, and Honour will market, distribute, offer for sale, sell, and/or import the Hetero ANDA Product in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of the Hetero ANDA Product in New Jersey. Upon information and belief, upon approval of ANDA No. 219449, the Hetero ANDA Product will, among other things, be marketed, distributed, offered for sale, sold, and/or imported in New Jersey; prescribed by physicians practicing in New Jersey; dispensed by pharmacies located within New Jersey; and/or used by patients in New Jersey, all of which would have substantial effects on New Jersey and lead to foreseeable harm and injury to Esperion.

42. Based on the foregoing systematic and continuous contacts with New Jersey, Honour is subject to specific personal jurisdiction in New Jersey.

43. Upon information and belief, Honour's contacts with other states of the United States are no greater than its contacts with New Jersey. Therefore, to the extent Honour denies that this Court has personal jurisdiction over it because of its systematic and continuous contacts with New Jersey, this Court also has personal jurisdiction over Honour pursuant to Federal Rule of Civil Procedure 4(k)(2)(A) because Honour is not subject to the general jurisdiction of the courts of any state, and based on its contacts with the United States as a whole.

44. For at least the above reasons, and for other reasons that will be presented to the Court if jurisdiction is challenged, it would not be unfair or unreasonable for Hetero USA, Hetero Labs, Hetero Unit-V, and Honour to litigate this action in this Court, and Hetero USA, Hetero Labs, Hetero Unit-V, and Honour are subject to personal jurisdiction in New Jersey.

45. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b). *In re HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018).

46. Venue is proper in this Court as to Hetero USA under 28 U.S.C. § 1400(b) because Hetero USA is a corporation with its regular and established principal place of business in New Jersey, is subject to personal jurisdiction in this Court, as set forth above, has committed acts of infringement, and, upon information and belief, will commit further acts of infringement in New Jersey.

47. Venue is also proper in this Court for Hetero USA because it has a regular and established place of business in New Jersey at least because, upon information and belief, it (1) has engaged in regular and established business contacts with New Jersey by, among other things, marketing, making, shipping, using, offering to sell or selling pharmaceutical products in New Jersey, and deriving substantial revenue from such activities; and (2) has acted to prepare and file its ANDA, and to seek approval from the FDA to market and sell the Hetero ANDA Product in the United States, including in New Jersey.

48. Venue is proper in this Court as to Hetero Labs under 28 U.S.C. §§ 1391(b) and (c) and 1400(b), because, upon information and belief, Hetero Labs is a corporation organized under the laws of India, is not a resident of the United States, and thus may be sued in any jurisdiction. 28 U.S.C. §§ 1391(c)(3); *HTC*, 889 F.3d at 1354.

49. Venue is also proper in this Court as to Hetero Labs because Hetero Labs has a regular and established place of business in New Jersey at least because, upon information and belief, it: (1) has sought approval from the FDA to market and sell the Hetero ANDA product in New Jersey; and (2) has engaged in regular and established business contacts with New Jersey by, among other things, marketing, making, shipping, using, offering to sell, or selling pharmaceutical products in New Jersey, and deriving substantial revenue from such activities.

50. Venue is proper in this Court as to Hetero Unit-V under 28 U.S.C. §§ 1391(b)-(c), and 1400(b), because, upon information and belief, Hetero Unit-V is a corporation organized under

the laws of India, is not a resident of the United States, and thus may be sued in any jurisdiction. 28 U.S.C. §§ 1391(c)(3); *HTC*, 889 F.3d at 1354.

51. Venue is also proper in this Court as to Hetero Unit-V because Hetero Unit-V has a regular and established place of business in New Jersey at least because, upon information and belief, it: (1) has sought approval from the FDA to market and sell the Hetero ANDA product in New Jersey; and (2) has engaged in regular and established business contacts with New Jersey by, among other things, marketing, making, shipping, using, offering to sell, or selling pharmaceutical products in New Jersey, and deriving substantial revenue from such activities.

52. Venue is proper in this Court as to Honour under 28 U.S.C. §§ 1391(b)-(c), and 1400(b), because, upon information and belief, Honour is a corporation organized under the laws of India, is not a resident of the United States, and thus may be sued in any jurisdiction. 28 U.S.C. §§ 1391(c)(3); *HTC*, 889 F.3d at 1354.

53. Venue is also proper in this Court as to Honour because Honour has a regular and established place of business in New Jersey at least because, upon information and belief, it: (1) has sought approval from the FDA to market and sell the Hetero ANDA product in New Jersey; and (2) has engaged in regular and established business contacts with New Jersey by, among other things, marketing, making, shipping, using, offering to sell, or selling pharmaceutical products in New Jersey, and deriving substantial revenue from such activities.

## THE PATENTS-IN-SUIT

54. U.S. Patent No. 7,335,799 (the "'799 Patent"), entitled "Hydroxyl Compounds and Compositions for Cholesterol Management and Related Uses," was duly and legally issued on February 26, 2008. A true and correct copy of the '799 Patent is attached hereto as "Exhibit A."

55. Esperion is the assignee of, and holds all rights, title and interest in the '799 Patent.

56. The '799 Patent currently expires on December 3, 2030.

57. U.S. Patent No. 11,760,714 (the "'714 Patent"), entitled "Methods of Making Bempedoic Acid and Compositions of the Same," was duly and legally issued on September 19, 2023. A true and correct copy of the '714 Patent is attached hereto as "Exhibit B."

58. Esperion is the assignee of, and holds all rights, title, and interest in the '714 Patent.

59. The '714 Patent currently expires on June 19, 2040.

60. U.S. Patent No. 11,613,511 (the "'511 Patent"), entitled "Methods of Making Bempedoic Acid and Compositions of the Same," was duly and legally issued on March 28, 2023. A true and correct copy of the '511 Patent is attached hereto as "Exhibit C."

61. Esperion is the assignee of, and holds all rights, title, and interest in the '511 Patent.

62. The '511 Patent currently expires on June 19, 2040.

63. All claims of the '799, '714, and '511 Patents are valid, enforceable, and not expired.

## ESPERION'S NEXLETOL PRODUCT

64. Esperion is a research-driven pharmaceutical company that discovers, develops, manufactures, and markets life-saving pharmaceutical products, including NEXLETOL®.

65. Esperion is the holder of New Drug Application ("NDA") No. 211616, which was approved by the FDA on February 21, 2020, for the marketing and sale of bempedoic acid in the United States under the trade name "NEXLETOL®." Esperion sells NEXLETOL® in the United States pursuant to NDA No. 211616.

66. NEXLETOL® (bempedoic acid) is an adenosine triphosphate-citrate lyase (ACL) inhibitor indicated to 1) reduce the risk of myocardial infarction and coronary revascularization in adults who are unable to take recommended statin therapy (including those not taking a statin) with established cardiovascular disease (CVD), or a high risk for a CVD event but without established CVD, and 2) as an adjunct to diet, in combination with other low-density lipoprotein cholesterol (LDL-C) lowering therapies, or alone when concomitant LDL-C lowering therapy is not possible,

to reduce LDL-C in adults with primary hyperlipidemia, including heterozygous familial hypercholesterolemia (HeFH).

67. Bempedoic acid, the active pharmaceutical ingredient in NEXLETOL®, has the chemical name 8-hydroxy-2,2,14,14-tetramethyl-pentadecanedioic acid and has the following chemical structure:




68. The claims of the Asserted Patents cover NEXLETOL®.

69. The Asserted Patents have been listed in connection with NEXLETOL® in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*, referred to as the "Orange Book."

**HETERO'S ANDA PRODUCT**

70. By letter dated April 9, 2024, and received by Esperion via Federal Express no earlier than on April 10, 2024 (the "Notice Letter"), Hetero notified Esperion that Hetero had submitted ANDA No. 219449 to the FDA for a generic version of NEXLETOL®.

71. The Notice Letter states that Hetero seeks approval from the FDA to engage in the commercial manufacture, use, and/or sale of the Hetero ANDA product before the expiration of the Asserted Patents. Upon information and belief, Hetero intends to – directly or indirectly – engage in the commercial manufacture, use, and/or sale of the Hetero ANDA product promptly upon receiving FDA approval to do so.

72. By submitting ANDA No. 219449, Hetero has represented to the FDA that the Hetero ANDA Product has the same active ingredient, dosage form, and strength as NEXLETOL® and is bioequivalent to NEXLETOL®.

73. In the Notice Letter, Hetero stated that ANDA No. 219449 included a Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the Asserted Patents. Hetero also contended that the Asserted Patents are invalid, unenforceable and/or will not be infringed by the commercial manufacture, use, and/or sale of the Hetero ANDA Product.

74. Upon information and belief, Hetero had knowledge of the Asserted Patents when it submitted ANDA No. 219449 to the FDA.

75. Upon information and belief, Hetero intends to engage in the manufacture, use, offer for sale, sale, and/or importation of the Hetero ANDA Product immediately and imminently upon approval of ANDA No. 219449.

76. On or before May 10, 2024, pursuant to an Offer of Confidential Access, Hetero produced portions of its ANDA No. 219449 to Esperion.

77. This action is being commenced before the expiration of forty-five days from the date of Esperion's receipt of the Notice Letter.

**<u>COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,335,799</u>**

78. Esperion incorporates each of the preceding paragraphs 1-77 as if fully set forth herein.

79. Claim 1 of the '799 Patent requires a compound of the formula (I):




I

or a pharmaceutically acceptable salt, hydrate, solvate or mixture thereof, wherein: (a) each occurrence of m is independently an integer ranging from 0 to 5; (b) each occurrence of n is independently an integer ranging from 3 to 7; (c) X is $(CH_2)_2$ or Ph, wherein z is an integer from 0 to 4 and Ph is a 1,2-, 1,3-, or 1,4 substituted phenyl group; (d) each occurrence of $R^1$, $R^2$, $R^{11}$,

and $R^{12}$ is independently H, $(C_1\text{-}C_6)$alkyl, $(C_2\text{-}C_6)$alkenyl, $(C_2\text{-}C_6)$alkynyl, phenyl, or benzyl, wherein $R^1$,$R^2$,$R^{11}$, and $R^{12}$ are not each simultaneously H; and (e) each occurrence of $Y^1$ and $Y^2$ is independently $(C_1\text{-}C_6)$alkyl, OH, COOH, $COOR^3$, $SO_3H$,









-continued




wherein: (i) $Y^1$ and $Y^2$ are not each simultaneously ($C_1$-$C_6$)alkyl; (ii) $R^3$ is ($C_1$-$C_6$)alkyl, ($C_2$-$C_6$)alkenyl, ($C_2$-$C_6$)alkynyl, phenyl, or benzyl and is unsubstituted or substituted with one or more halo, OH, ($C_1$-$C_6$)alkoxy, or phenyl groups.

80. Claim 12 of the '799 Patent requires a compound according to claim 1 wherein said compound has the structure:



8-Hydroxy-2,2,14,14-tetramethyl-pentadecanedioic acid;

or a pharmaceutically acceptable salt, hydrate, or solvate thereof.

81. Hetero's submission of ANDA No. 219449 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Hetero ANDA Product before the expiration of the '799 Patent constituted an act of infringement of the claims of the '799 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

82. Hetero's commercial manufacture, use, offer for sale, sale, and/or importation of the Hetero ANDA Product prior to expiration of the '799 Patent, and Hetero's inducement of and/or contribution to such conduct, would further infringe at least claims 1 and 12 of the '799 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

83. Upon information and belief, upon FDA approval of ANDA No. 219449, Hetero intends to, and will, infringe at least claims 1 and 12 of the '799 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Hetero ANDA Product, unless enjoined by the Court.

84. Upon information and belief, by virtue of its listing in the Orange Book and identification in Hetero's Notice Letter, Hetero has knowledge of the '799 Patent and knowledge that its Hetero ANDA Product will infringe the '799 Patent.

85. Upon information and belief, Hetero intends to, and will, actively induce infringement of at least claims 1 and 12 of the '799 Patent under 35 U.S.C. § 271(b) when ANDA

No. 219449 is approved by marketing the Hetero ANDA Product and encouraging doctors and patients to infringe the ’799 Patent, unless enjoined by the Court.

86. Upon information and belief, Hetero intends to, and will, contribute to infringement of at least claims 1 and 12 of the ’799 Patent under 35 U.S.C. § 271(c) when ANDA No. 219449 is approved, unless enjoined by the Court, because Hetero knows that the Hetero ANDA Product is especially made or adapted for use in infringing the ’799 Patent, and that the Hetero ANDA Product is not suitable for substantial noninfringing use.

87. Hetero’s infringement is imminent because, among other things, Hetero has notified Esperion of the submission of its ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Hetero ANDA Product before the expiration of the ’799 Patent.

88. Thus, a substantial and justiciable controversy exists between the parties hereto as to the infringement of the ’799 Patent.

89. Pursuant to 28 U.S.C. § 2201, Esperion is entitled to a declaratory judgment that Hetero’s making, using, offering to sell, selling, and/or importing the Hetero ANDA Product, inducement thereof or contribution thereto, will infringe the ’799 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

90. Unless Hetero is enjoined from directly or indirectly infringing the ’799 Patent, Esperion will suffer substantial and irreparable harm for which Esperion has no adequate remedy at law.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 11,760,714

91. Esperion incorporates each of the preceding paragraphs 1-90 as if fully set forth herein.

92. Claim 1 of the '714 Patent requires a pharmaceutical composition, comprising: a pharmaceutical material comprising a crystalline form of the compound of formula (V):

(V)



or a pharmaceutically acceptable salt thereof; wherein the pharmaceutical material comprises the compound of formula (V), or a pharmaceutically acceptable salt thereof, in an amount greater than 98% by weight based on the total weight of the pharmaceutical material, and the pharmaceutical material comprises 0.0001 % to less than or equal to 0.15% of a compound of formula (VI):

(VI)



and a pharmaceutically acceptable excipient.

93. Hetero's submission of ANDA No. 219449 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Hetero ANDA Product before the expiration of the '714 Patent constituted an act of infringement of the claims of the '714 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

94. Hetero's commercial manufacture, use, offer for sale, sale, and/or importation of the Hetero ANDA Product prior to expiration of the '714 Patent, and Hetero's inducement of and/or contribution to such conduct, would further infringe at least claim 1 of the '714 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

95. Upon information and belief, upon FDA approval of ANDA No. 219449, Hetero intends to, and will, infringe at least claim 1 of the '714 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Hetero ANDA Product, unless enjoined by the Court.

96. Upon information and belief, by virtue of its listing in the Orange Book and identification in Hetero's Notice Letter, Hetero has knowledge of the '714 Patent and knowledge that its Hetero ANDA Product will infringe the '714 Patent.

97. Upon information and belief, Hetero intends to, and will, actively induce infringement of at least claim 1 of the '714 Patent under 35 U.S.C. § 271(b) when ANDA No. 219449 is approved by marketing the Hetero ANDA Product and encouraging doctors and patients to infringe the '714 Patent, unless enjoined by the Court.

98. Upon information and belief, Hetero intends to, and will, contribute to infringement of at least claim 1 of the '714 Patent under 35 U.S.C. § 271(c) when ANDA No. 219449 is approved, unless enjoined by the Court, because Hetero knows that the Hetero ANDA Product is especially made or adapted for use in infringing the '714 Patent, and that the Hetero ANDA Product is not suitable for substantial noninfringing use.

99. Hetero's infringement is imminent because, among other things, Hetero has notified Esperion of the submission of its ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Hetero ANDA Product before the expiration of the '714 Patent.

100. Thus, a substantial and justiciable controversy exists between the parties hereto as to the infringement of the '714 Patent.

101. Pursuant to 28 U.S.C. § 2201, Esperion is entitled to a declaratory judgment that Hetero's making, using, offering to sell, selling, and/or importing the Hetero ANDA Product, inducement thereof or contribution thereto, will infringe the '714 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

102. Unless Hetero is enjoined from directly or indirectly infringing the ’714 Patent, Esperion will suffer substantial and irreparable harm for which Esperion has no adequate remedy at law.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 11,613,511**

103. Esperion incorporates each of the preceding paragraphs 1-102 as if fully set forth herein.

104. Claim 1 of the ’511 Patent requires a pharmaceutical material comprising a crystalline form of the compound of formula (V):

(V)




or a pharmaceutically acceptable salt thereof; wherein the pharmaceutical material comprises the compound of formula (V), or a pharmaceutically acceptable salt thereof, in an amount greater than 99.0% by weight based on the total weight of the pharmaceutical material, the pharmaceutical material comprises 0.0001 % to less than or equal to 0.15% of a compound of formula (VI):

(VI)




and the crystalline form of the compound of formula (V) exhibits an X-ray powder diffraction pattern comprising peaks at the following diffraction angles (2θ): 10.3±0.2, 10.4±0.2, 17.9±0.2, 18.8±0.2, 19.5±0.2, and 20.7±0.2.

105. Hetero’s submission of ANDA No. 219449 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Hetero ANDA Product before the expiration of the ’511 Patent constituted an act of infringement of the claims of the ’511 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

106. Hetero's commercial manufacture, use, offer for sale, sale, and/or importation of the Hetero ANDA Product prior to expiration of the '511 Patent, and Hetero's inducement of and/or contribution to such conduct, would further infringe at least claim 1 of the '511 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

107. Upon information and belief, upon FDA approval of ANDA No. 219449, Hetero intends to, and will, infringe at least claim 1 of the '511 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Hetero ANDA Product, unless enjoined by the Court.

108. Upon information and belief, by virtue of its listing in the Orange Book and identification in Hetero's Notice Letter, Hetero has knowledge of the '511 Patent and knowledge that its Hetero ANDA Product will infringe the '511 Patent.

109. Upon information and belief, Hetero intends to, and will, actively induce infringement of at least claim 1 of the '511 Patent under 35 U.S.C. § 271(b) when ANDA No. 219449 is approved by marketing the Hetero ANDA Product and encouraging doctors and patients to infringe the '511 Patent, unless enjoined by the Court.

110. Upon information and belief, Hetero intends to, and will, contribute to infringement of at least claim 1 of the '511 Patent under 35 U.S.C. § 271(c) when ANDA No. 219449 is approved, unless enjoined by the Court, because Hetero knows that the Hetero ANDA Product is especially made or adapted for use in infringing the '511 Patent, and that the Hetero ANDA Product is not suitable for substantial noninfringing use.

111. Thus, a substantial and justiciable controversy exists between the parties hereto as to the infringement of the '511 Patent.

112. Pursuant to 28 U.S.C. § 2201, Esperion is entitled to a declaratory judgment that Hetero's making, using, offering to sell, selling, and/or importing the Hetero ANDA Product,

inducement thereof or contribution thereto, will infringe the ’511 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

113. Unless Hetero is enjoined from directly or indirectly infringing the ’511 Patent, Esperion will suffer substantial and irreparable harm for which Esperion has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Esperion asks that this Court grant the following relief:

114. A judgment that the claims of the Asserted Patents are infringed by Hetero’s submission of ANDA No. 219449 under 35 U.S.C. § 271(e)(2)(A);

115. A declaratory judgment that Hetero’s manufacture, use, offer to sell, sale, or importation, including inducement thereof and contribution thereto, of the Hetero ANDA Product prior to the expiration of the Asserted Patents, would infringe the Asserted Patents, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c);

116. A judgment that the Asserted Patents are not invalid or unenforceable;

117. An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of Hetero’s ANDA No. 219449 shall not be earlier than the expiration of the Asserted Patents, including any extensions and/or additional periods of exclusivity to which Esperion is or becomes entitled;

118. An order permanently enjoining Hetero, and its affiliates, subsidiaries, and each of its officers, agents, servants, and employees and those acting in privity or concert with Hetero, from making, using, offering to sell, selling, or importing the Hetero ANDA Product until after the Asserted Patents’ expiration, including any extensions and/or additional periods of exclusivity to which Esperion is or becomes entitled;

119. Damages or other monetary relief, including costs, fees, pre-judgement interest and post-judgment interest to Esperion if Hetero engages in commercial manufacture, use, offers to sell, sale, or importation into the United States of the Hetero ANDA Product prior to the expiration of the Asserted Patents, including any extensions and/or additional periods of exclusivity to which Esperion is or becomes entitled;

120. A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285; and

121. Such further and other relief as this Court deems proper and just.

Dated: May 23, 2024

/s/ *Liza M. Walsh*

Liza M. Walsh
Katelyn O'Reilly
Jessica K. Formichella
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

OF COUNSEL (*pro hac vice* forthcoming):

Nicholas K. Mitrokostas
John T. Bennett
Katherine P. Kieckhafer
ALLEN OVERY SHEARMAN STERLING US LLP
One Beacon Street
Boston, MA 02108
(857) 353-4500

Elizabeth J. Holland
Dov Hirsch
Ryan Curiel
ALLEN OVERY SHEARMAN STERLING US LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 610-6300

Colby Davis
Michelle Bone
ALLEN OVERY SHEARMAN STERLING US LLP
1101 New York Avenue, NW
Washington, D.C.
(202) 683-3800

*Attorneys for Plaintiff Esperion Therapeutics, Inc.*

## LOCAL RULE 11.2 CERTIFICATION

I hereby certify that, to the best of my knowledge, the matter in controversy is related to the following action:

- *Esperion Therapeutics, Inc. v. Micro Labs USA, Inc., et al*., Civil Action No. 2:24-cv-05921-JXN-CLW
- *Esperion Therapeutics, Inc. v. Renata Limited., et al*., Civil Action No. 2:24-cv-06017-JXN-CLW
- *Esperion Therapeutics, Inc. v. Accord Healthcare Inc., et al.*, Civil Action No. 2:24-cv-06224-JXN-CLW
- *Esperion Therapeutics, Inc. v. Alkem Labs., et al.*, Civil Action No. 2:24-cv-06263-JXN-CLW
- *Esperion Therapeutics, Inc. v. Aurobindo Pharma Ltd.*, Civil Action No. 2:24-cv-06348
- *Esperion Therapeutics, Inc. v. MSN Pharmaceuticals Inc., et al.*, Civil Action No.2:24-cv-06386
- *Esperion Therapeutics, Inc. v. Sandoz Inc.*, Civil Action No. 2:24-cv-06387

Dated: May 23, 2024

By: */s/ Liza M. Walsh*
Liza M. Walsh
Katelyn O'Reilly
Jessica K. Formichella
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

OF COUNSEL (*pro hac vice* forthcoming):

Nicholas K. Mitrokostas
John T. Bennett
Katherine P. Kieckhafer
ALLEN OVERY SHEARMAN STERLING US LLP
One Beacon Street
Boston, MA 02108
(857) 353-4500

Elizabeth J. Holland
Dov Hirsch
Ryan Curiel
ALLEN OVERY SHEARMAN STERLING US LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 610-6300

Colby Davis
Michelle Bone
ALLEN OVERY SHEARMAN STERLING US LLP
1101 New York Avenue, NW
Washington, D.C.
(202) 683-3800

*Attorneys for Plaintiff Esperion Therapeutics, Inc.*

## LOCAL RULE 201.1 CERTIFICATION

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the Plaintiff seeks, *inter alia*, injunctive relief.

Dated: May 23, 2024

By: */s/ Liza M. Walsh*

Liza M. Walsh
Katelyn O'Reilly
Jessica K. Formichella
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

OF COUNSEL (*pro hac vice* forthcoming):

Nicholas K. Mitrokostas
John T. Bennett
Katherine P. Kieckhafer
ALLEN OVERY SHEARMAN STERLING US LLP
One Beacon Street
Boston, MA 02108
(857) 353-4500

Elizabeth J. Holland
Dov Hirsch
Ryan Curiel
ALLEN OVERY SHEARMAN STERLING US LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 610-6300

Colby Davis
Michelle Bone
ALLEN OVERY SHEARMAN STERLING US LLP
1101 New York Avenue, NW
Washington, D.C.
(202) 683-3800

*Attorneys for Plaintiff Esperion Therapeutics, Inc.*